BARNEY THOMPSON v. G. E. NORMANDEN, Appellant.

Drains: LICENSE: REVOCATION. One who constructs tile drains
1   for his own exclusive benefit, which connect with and dis-
charge the water into the drain of an adjoining owner on his
land, under an agreement that the same may be maintained so
long as satisfactory to the adjoining owner, cannot enjoin an
interference with the continued maintenance and use thereof.

Same: ESTOPPEL. Estoppel cannot be predicated on a mere per-
2   mission to use the land of another for drainage purposes.

*Appeal from Hamilton District Court.*— HON. J. H. RICH-
ARDS, Judge.

FRIDAY, JUNE 7, 1907.

SUIT in equity to restrain the defendant from interfer-
ing with a tile drain extending from the plaintiff's land
onto his own land. There was a judgment for the plaintiff,
from which the defendant appeals.— *Reversed.*

.   *D. C. Chase* and *Wesley Martin,* for appellant.

*J. L. Kamrar,* for appellee.

SHERWIN, J.— A rehearing was granted in this case,
and the opinion on the original submission, found on page
108 N. W. 315 is withdrawn. The parties to this action are
adjoining landowners. The plaintiff claims that in 1892 he
entered into an oral contract with the defendant, by the
terms of which he was granted the right to lay tile on the de-
fendant's land connecting with tile which the defendant had
already put there, and to tile his own land, so that the water
collected therefrom could pass off through this tile. The evi-
dence shows that a swale or slough runs across the defend-
ant's land extending into the plaintiff's land above for some

little distance.   Prior to the time of the alleged agreement, the defendant had tiled his land up through this swale to within a short distance of the boundary line between him and the plaintiff.   Just how close to the boundary line his title extended is in dispute; the plaintiff's testimony tending to show that it stopped about fifteen rods from the line, and the defendant's testimony tending to show that it extended clear to the line.    It is a fact, however, that the defendant had put five-inch tile up through the swale on his own land to a point within a few rods of the line between the parties, and that connecting therewith he had put in a considerable amount of three-inch tile.    The plaintiff claims that the defendant orally agreed that he might take up the three-inch tile that he had so laid, replacing it with four-inch tile, and extending it through the defendant's land to his own land, and far enough on his own land to gather the water naturally draining in the direction of the defendant's land; that, in pursuance of such agreement, he took up the three-inch tile and put the four-inch tile in place thereof; and that afterwards, and shortly before the bringing of this suit, the defendant obstructed the drain at the boundary line between them, causing the water to flow back upon the plaintiff's land.

The only serious controversy in the case which we need notice is over the terms of the agreement between these parties.    There is no question but that the plaintiff tiled the ground as he claims; but the appellant contends that it was specially agreed between them at the time that the plaintiff's right to discharge water from his own drain into the appellant's drain should cease whenever the appellant saw fit to terminate the arrangement.    On the other hand, the appellee claims that the license was without any limitation, and that it is irrevocable because of the material furnished and work done by him in pursuance of the agreement.    We need not determine whether the labor performed by the plaintiff and the material furnished by him in pursuance of such agreement were of such nature as to create an irrevocable license

in the absence of any other controlling question; for we are abidingly satisfied that the weight of credible evidence supports the appellant's contention as to their agreement, and that the plaintiff made the improvement exclusively for his own benefit, with the distinct understanding that the arrangement should continue only so long as it was satisfactory to the appellant. If this be true, the question of an irrevocable license is not in the case, and a discussion thereof would be of no benefit.

There can be no estoppel in the case by reason of acquiescence for a period of more than ten years, because the plaintiff's use of the appellant's land was permissive and an estoppel cannot be predicated on such use. Under the agreement between these parties the appellant had the clear right to shut off the plaintiff's use of his drain at any time he saw fit, and the trial court erred in finding otherwise.

The judgment is reversed, and the case remanded for a decree not inconsistent with this opinion.— *Reversed.*